UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAYSHAWN OWENS,

        Plaintiff,

v.                  9:16-CV-0097
                    (GTS/DJS)

CHRISTIAN CLARK, Superintendent, Albany Cty.
Corr. Facility; VLADISLAV VOSS, DDS, Albany
Cty. Corr. Facility Med Dep't; JOHN DOE, Nurse,
Albany Cty. Corr. Facility Med Dep't; and JANE
DOE, Nurse, Albany Cty. Corr. Facility Med Dep't,

        Defendants.
_____

APPEARANCES:             OF COUNSEL:

RYANNE KONAN LAW OFFICE & LEGAL SERVS.  RYANNE G. KONAN, ESQ.
 Counsel for Plaintiff
4 Marshall Road, Suite 107
Wappingers Falls, NY 12590

HON. DANIEL C. LYNCH          KEVIN M. CANNIZZARO, ESQ.
Albany County Attorney           Assistant County Attorney
 Counsel for Defendant Clark
112 State Street
Albany, NY 12207

STEINBERG, SYMER & PLATT, LLP      JONATHAN E. SYMER, ESQ.
 Counsel for Defendant Voss
27 Garden Street
Poughkeepsie, NY 12601

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

  Currently before the Court, in this prisoner civil rights case filed by Jayshawn Owens ("Plaintiff") against the four above-captioned individuals, is Vladislav Voss's ("Defendant Voss") motion to dismiss Plaintiff's Eighth Amendment medical-indifference claim against him

for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 11.)[1]  For the reasons set forth below, Defendant Voss's motion is granted.

I.  **RELEVANT PROCEDURAL HISTORY**

   A.  **Plaintiff's Complaint**

Generally, in his Complaint, Plaintiff alleges, *inter alia*, that Defendant Voss, a doctor of dental surgery employed at Albany County Correctional Facility, unnecessarily and wantonly denied Plaintiff adequate dental care for a broken jaw sustained on January 16, 2014.  (Dkt. No. 1.)  More specifically, Plaintiff alleges as follows: (1) during the days following Plaintiff's injury on January 16, 2014, he was prescribed Motrin, Flexeril "and other medication" in response to his complaints of excruciating pain in the left side of his jaw; (2) because Plaintiff nonetheless continued to feel pain, he requested that an x-ray examination of his jaw be taken; (3) on January 21, 2014, Defendant Voss erroneously ordered a "cat scan X-ray" of the left side of Plaintiff's jaw instead of a "Panoramic X-ray"; (4) on January 22, 2014, after he "presumed to have reviewed" the results of the x-ray examination, Defendant Voss erroneously found no fracture, dislocation or bone destruction of Plaintiff's jaw, and decided to discontinue further treatment of him; (5) in fact, a panoramic x-ray examination taken of Plaintiff's jaw by his own dentist on or about February 5, 2014, revealed that Plaintiff had sustained a fracture of his left jaw and that, because his mouth had not been wired shut earlier, the bone had healed incorrectly, causing the left side of his jaw to be "shifted longer, and slanted more to the left right-side"; (6) during the

---

[1]  The Court notes that it construes Defendant Voss's labeling of his motion on the docket sheet as one to dismiss Plaintiff's claim against him for "lack of subject matter jurisdiction" as a mistake, because such a label contradicts the clear substance of the motion. (Dkt. No. 11.)  The Court notes also that Plaintiff shares the Court's construction.  (Dkt. No. 12.)

time in question, Defendant Voss was aware of Plaintiff's need for urgent dental care because he wrote a report and progress notes regarding Plaintiff's visits to medical personnel on January 16, 2014, January 19, 2014, January 21, 2014, January 22, 2014, and February 5, 2014; and (7) "upon information and belief," Defendant Voss never personally physically examined Plaintiff but "merely referred to [Plaintiff's] chart to prescribe treatment adequate to Plaintiff's health condition." (*Id.*)

        B.        **Parties' Arguments on Defendant Voss's Motion**

                1.        **Defendant Voss's Memorandum of Law**

Generally, in his memorandum of law, Defendant Voss argues that, even read in the light most favorable to Plaintiff, his Complaint alleges facts plausibly suggesting that, at most, Defendant Voss committed ordinary negligence in treating Plaintiff's jaw injury, which is insufficient to state a claim of deliberate indifference to a serious medical need under the Eighth Amendment. (Dkt. No. 11, Attach. 2 [Def. Voss's Memo. of Law].) More specifically, Defendant Voss argues that, even assuming that Plaintiff suffered a sufficiently serious medical condition during the time in question, Plaintiff's Complaint fails to allege facts plausibly suggesting that Defendant Voss acted with deliberate indifference to that medical condition, that is, an intentional and willful ignorance of a substantial risk of serious harm to Plaintiff. (*Id.*) Rather, argues Defendant Voss, Plaintiff's Complaint acknowledges that Defendant Voss rather promptly reviewed Plaintiff's medical records, prescribed Plaintiff medications for pain and other purposes, and ordered that an x-ray examination of Plaintiff's jaw. (*Id.*) In short, argues Defendant Voss, his (allegedly) careless ordering of a certain type of x-ray and (allegedly) careless interpretation of those x-ray examination results do not plausibly suggest a sufficiently culpable mental state, which is akin to criminal recklessness. (*Id.*)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in his opposition memorandum of law, Plaintiff argues that his Complaint does allege facts plausibly suggesting that Defendant Voss acted with a sufficiently culpable mental state. (Dkt. No. 12 [Plf.'s Opp'n Memo. of Law].) More specifically, Plaintiff argues that the Complaint alleges facts plausibly suggesting that Defendant Voss was aware that Plaintiff had been struck on the left side of his jaw, had visited the medical department several times complaining of excruciating pain and requesting to see a dentist, and had sustained an injury warranting the prescription of pain killers and an x-ray examination. (*Id*. at 7.) Furthermore, Plaintiff argues that the Complaint alleges facts plausibly suggesting that, despite this awareness, Defendant Voss neither personally examined Plaintiff nor attempted to review the x-ray examination report (but merely obtained the report "to accomplish a formality"). (*Id*. at 6.) Based on these factual allegations, argues Plaintiff, Defendant Voss could have inferred and did infer that a substantial risk of serious harm including a fracture existed, and he intentionally and willfully ignored that substantial risk of serious harm. (*Id*. at 6-7.)

### 3. Defendant Voss's Reply Memorandum of Law

Generally, in his reply memorandum of law, Defendant Voss, in addition to repeating previously asserted arguments, asserts two replies to Plaintiff's arguments. (Dkt. No. 13, Attach. 1 [Def. Voss's Reply Memo. of Law].) First, argues Defendant Voss, contrary to Plaintiff's argument that his Complaint alleges that Defendant Voss never actually reviewed the x-ray examination results, the Complaint does not contain such an allegation (and in any event Plaintiff's argument disingenuously fails to acknowledge his complaint, filed in New York State Court, claiming that radiologist Dr. Harold Trief, MD, negligently interpreted the report). (*Id*. at 2-3.) Second, argues Defendant Voss, even if Defendant Voss never actually reviewed the x-ray

4

examination results (but relied on the report of Dr. Trief), that failure would, at most, constitute ordinary negligence, not criminal recklessness. (*Id*.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of

what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[3] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[4]

---

[2] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[3] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[4] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[5]

---

[5] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may nerveless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

9

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[6]

### B. Standard Governing Claim of Deliberate Indifference to Serious Medical Need

Because the parties have (in their memoranda of law) already demonstrated an adequate understanding of the legal standard governing Plaintiff's claim of deliberate indifference to a serious medical need, the Court will not recite in detail that legal standard in this Decision and Order, which is intended primarily for the review of the parties.

## III. ANALYSIS

After carefully considering the matter, the Court grants Defendant Voss's motion for the reasons stated therein. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds two points.

First, the crux of Plaintiff's opposition to Defendant Voss's motion, and indeed the crux of his Eighth Amendment claim against Defendant Voss, is that Defendant Voss never actually

---

[6] *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

reviewed the results of the x-ray examination of January 22, 2014. The problem is that this fact is never alleged in the Complaint; rather, the Complaint alleges, ungrammatically, that Defendant Voss "presumed to have reviewed" the results of the x-ray examination of January 22, 2014. (Dkt. No. 1, at ¶ 19.) Construed with the utmost of special leniency, this allegation states that either (1) Defendant Voss *is* presumed (by Plaintiff) to have reviewed the x-ray examination results, or (2) Defendant Voss *purported* to have reviewed the x-ray examination results. Regardless of the interpretation, the allegation does not allege facts plausibly suggesting that Defendant Voss failed to review the x-ray examination results.[7]

Second, even if the aforementioned allegation were to allege facts plausibly suggesting that Defendant Voss failed to review the x-ray examination results, the allegation would not plausibly suggest a culpable mental state akin to criminal recklessness, because the Complaint alleges facts plausibly suggesting that Defendant Voss also relied on the conclusion of a doctor specializing in radiology. More specifically, in his motion papers, Defendant Voss has adduced a copy of the report of the x-ray examination of January 22, 2014. (Dkt. No. 13, Attach. 2, at 1.) As explained above in Part II.A. of this Decision and Order, the report may be relied on in

---

[7] When viewed closely, the argument asserted in Plaintiff's opposition memorandum of law appears to be that the Complaint implicitly alleges that Defendant Voss failed to review the x-ray examination results because the Complaint expressly alleges that Defendant Voss erroneously concluded (after receiving the x-ray examination results) that Plaintiff had not sustained a fracture of his jaw. In effect, Plaintiff appears to reason that Defendant Voss could not possibly have reviewed the results because, if he had done so, he would have concluded that Plaintiff had sustained a fracture of his jaw. In addition to the fact that the implicit allegation claimed by Plaintiff is inconsistent with the Complaint's express allegation that Defendant Voss "presumed to have reviewed" the x-ray examination results, the problem with Plaintiff's argument is that it relies on an inference that it is not plausible under the circumstances, because the inference flies in the face of the obvious possibility that a doctor may misinterpret x-ray examination results while reviewing them.

11

deciding Defendant Voss's motion to dismiss, because the report is expressly referenced in and/or integral to the Complaint, which alleges, "The X-Ray results [of January 22, 2014], according to the medical department[,] revealed no fracture, dislocation or bone destruction." (Dkt. No. 1, at ¶ 15 [Plf.'s Compl].) This allegation closely tracks the language of the report, which states, "The mandible is evaluated with four views without definite *fracture or dislocation nor bony destruction*." (*Id* [emphasis added].) In the report, the radiologist Dr. Trief concluded, "IMPRESSION: NO ACUTE ABNORMALITY OF THE MANDIBLE." (*Id*.) Of course, in forming his medical judgment, a prison doctor is entitled to rely on the medical judgment of a specialist, without being said to have acted with deliberate indifference.[8]

**ACCORDINGLY**, it is

**ORDERED** that Defendant Voss's motion to dismiss Plaintiff's Eighth Amendment medical-indifference claim against him for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 11) is **GRANTED**; and it is further

---

[8] *See, e.g., Gobert v. Caldwell,* 463 F.3d 339, 350 (5th Cir. 2006) (dismissing Eighth Amendment medical-indifference claim of inmate against prison doctor who "relied on [Long Island Medical Center physicians'] judgment as specialists"); *Shaka v. Ryan,* 15-CV-0050, 2015 WL 3830932, at *7 (D. Ariz. June 22, 2015) (dismissing Eighth Amendment medical-indifference claim of inmate against prison doctors who relied on the recommendations of consulting physicians); *Coats v. Kimura*, 09-CV-1830, 2013 WL 76288, at *20 (E.D. Cal. Jan. 4, 2013) ("[Prison doctors] . . . were entitled to rely on the expertise of plaintiff's treating psychiatrists."); *Williams v. Oregon Dep't of Corr.*, 10-CV-0730, 2012 WL 10620, at *10 (D. Ore. Jan. 3, 2012) (dismissing Eighth Amendment medical-indifference claim of inmate against prison doctors based on, *inter alia*, their "reliance on diagnoses by radiologists"); *Toscano v. Embree*, 05-CV-4113, 2007 WL 2753366, at *6 (N.D. Cal. Sept. 19, 2007) ("Dr. Winslow, as health care manager, reasonably relied on the professional opinions of orthopedists Drs. Duncan and Lau . . . ."); *Alexander v. Fed. Bur. of Prisons*, 227 F. Supp.2d 657, 666 (E.D. Ky. 2002) (dismissing Eighth Amendment medical-indifference claim of inmate against prison doctor who relied on the inmate's orthopaedic specialists); *Palermo v. Corr. Med. Servs., Inc.*, 148 F. Supp.2d 1340, 1342 (S.D. Fla. June 21, 2001) (dismissing Eighth Amendment medical-indifference claim of inmate against prison doctor who relied on specialist's recommendation).

**ORDERED** that Plaintiff's Eighth Amendment medical-indifference claim against Defendant Voss (Dkt. No. 1) is **DISMISSED**, and that Defendant Voss is **TERMINATED** as a defendant in this action.

<u>Plaintiff is reminded of his duty to take reasonable steps to identify the John Doe Defendant and Jane Doe Defendant named in his Complaint, seek to amend his Complaint to identify them, and serve them with process</u>.

This case is referred back to Magistate Judge Stewart for a Rule 16 conference and the setting of pretrial scheduling deadlines.

Dated: October 21, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge